IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| JESUS CLEMENTE, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | 1:11cv897 (JCC/TRJ) |
| | ) | |
| ERIC HOLDER, | ) | |
|     Attorney General, | ) | |
| | ) | |
|     Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Dismiss [Dkt. 10], or, in the alternative, Motion for Summary Judgment [Dkt. 11]. For the following reasons, the Court will grant Defendant's Motion to Dismiss in part and grant Defendant's Motion for Summary Judgment in part.

**I. Background**

*Pro se* Plaintiff Jesus Clemente ("Plaintiff") brings this action challenging a decision issued by the Equal Employment Opportunity Commission's Office of Federal Operations ("OFO") denying Plaintiff's petition for enforcement regarding a prior OFO order.[1] Defendant is Eric Holder in his capacity as United States Attorney General.

---

[1] Although Plaintiff is proceeding *pro se*, he is a licensed attorney. Therefore, Plaintiff "is not automatically subject to the very liberal standards afforded to a non-attorney *pro se* plaintiff because an attorney is presumed to have a knowledge of the legal system and need less protections

1

A.   Factual Background

In late 2001, Plaintiff applied to the Department of Justice, Executive Office of Immigration Review ("EOIR") for several vacant positions as an Immigration Judge. (Defendant's Memorandum in Support [Dkt. 15] ("D. Mem.") at 3.)  At the time, Plaintiff was employed as an attorney with the Department of Homeland Security ("DHS"). (*Id*.)  When EOIR did not act favorably on Plaintiff's applications, Plaintiff filed an administrative complaint on July 16, 2002 against the EOIR alleging discrimination on the basis of race, national origin, and gender. (*Id*.; D. Mem. Ex. A.)  An Administrative Judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC") issued a decision without hearing in favor of Plaintiff on July 24, 2006. (D. Mem. at 3.)

EOIR appealed the decision to the OFO, which affirmed the AJ's decision on September 24, 2008 (the "September 2008 Order"). (D. Mem. at 3-4.)  The OFO ordered EOIR to place Plaintiff in the position he would have occupied absent discrimination and awarded Plaintiff back pay. (D. Mem. at 4.)  After unsuccessfully seeking reconsideration of the OFO's decision, EOIR began submitting reports to OFO regarding its

---

from the court." *Rossman v. Chase Home Fin., LLC*, 772 F. Supp. 2d 169, 170 n.1 (D.D.C. 2011) (internal quotation marks omitted).

compliance with the OFO's order, including a final compliance report in April 2011.[2]  (*Id.*; D. Mem. Exs. B, D, K, M.)

In its first compliance report, submitted in April 2009, EOIR explained that it had offered Plaintiff an Immigration Judge position, that Plaintiff accepted the offer, and that the FBI was completing a background investigation. (D. Mem. at 4; D. Mem. Ex. B.)  EOIR also reported that it was in the final stages of computing Plaintiff's back pay award, pending additional information from Plaintiff's current employer.  (D. Mem. at 4-5; D. Mem. Ex. B.)

In response to a petition for enforcement that Plaintiff filed with the OFO in August 2009, EOIR submitted another compliance report in September 2009.  (D. Mem. at 5; D. Mem. Ex D.)  In this report, EOIR notified the OFO that the FBI had completed its background investigation, that it was awaiting the Department of Justice's adjudication of that investigation, and that it was still finalizing Plaintiff's back pay award. (D. Mem. at 5; D. Mem. Ex. D.)  The OFO denied Plaintiff's petition for enforcement.  *See Clemente v. Holder*, No. 0420090010, 2010 WL 619235 (E.E.O.C. Feb. 4, 2010) (D. Mem. Ex. E).

---

[2] Plaintiff challenges Defendant's reliance on the compliance reports in support of its motion for summary judgment, arguing that they amount to inadmissible hearsay.  (Opp. [Dkt. 18] at 6-7.)  The Court rejects this argument.  As will become evident *infra*, the compliance reports are relevant to the Court's decision only insofar as they demonstrate that the reports were in fact filed -- not for the truth of the matters asserted therein.  *See* Fed. R. Evid. 801.

3

In early 2010, Plaintiff was appointed as an Immigration Judge. (D. Mem. at 5; Compl. at 4.)[3] EOIR assigned Plaintiff to the immigration court in York, Pennsylvania. (D. Mem. at 5; Compl. at 4.) Shortly thereafter, Plaintiff requested that he be transferred to an immigration court in San Diego, California, East Mesa, California, or Honolulu, Hawaii. (D. Mem. at 5-6; D. Mem. Ex. H.)

Plaintiff then filed another petition for enforcement with the OFO in July 2010. (D. Mem. at 6; D. Mem. Ex. J.) During the course of these proceedings, Plaintiff alleged that EOIR had failed to comply with the September 2008 OFO order in three respects: (1) EOIR had not granted Plaintiff's transfer request, and had improperly applied the terms of a Collective Bargaining Agreement ("CBA") to which Plaintiff was not subject; (2) EOIR had incorrectly deducted life insurance premiums from Plaintiff's back pay award at the higher rate of an Immigration Judge as opposed to the lower rate of a DHS attorney; and (3) EOIR incorrectly designated its matching Thrift Savings Plan ("TSP") contributions as Plaintiff's personal TSP contributions, thereby creating tax complications for Plaintiff.[4] (D. Mem. at 6; D. Mem. Ex. J.) On July 9, 2010, EOIR submitted another compliance report to the OFO, describing the manner in which it

---

[3] The Complaint does not contain numbered paragraphs. As a result, citations to the Complaint are to the relevant page numbers.
[4] The TSP is an optional tax-deferred savings plan to which federal employees may make contributions. See 60A Am. Jur. 2d Pensions § 1120 (2011).

4

had calculated Plaintiff's back pay award. (D. Mem. at 6; D. Mem. Ex. K.)

The OFO denied Plaintiff's petition for enforcement in a decision dated February 1, 2011, holding that EOIR had complied with the September 2008 Order with respect to the issues in dispute. *See Clemente v. Holder*, No. 0420100016, 2011 WL 484500, at *4 (E.E.O.C. Feb. 1, 2011) (D. Mem. Ex. L). With respect to the transfer issue, the OFO noted that its September 2008 Order "does not on its face or in any other manner entitle Petitioner to the location of his choosing." *Id.* The OFO also held that EOIR "adequately explained the reason for the [life insurance] deduction in his back pay" and "adequately explained the steps that it has taken to rectify" any tax complications stemming from TSP contributions. *Id.* EOIR subsequently filed its final compliance report to the OFO on April 25, 2011. (D. Mem. at 7; D. Mem. Ex. M.)

In November 2010, EOIR offered to transfer Plaintiff to the immigration court in San Diego, with the possibility that Plaintiff would later be moved to the immigration court in nearby East Mesa, California. (D. Mem. at 7; D. Mem. Ex. N.) Plaintiff accepted the offer, and was transferred to East Mesa in July 2011. (D. Mem. at 7; D. Mem. Exs. N, O.)

5

B.   Procedural Background

On May 3, 2011, Plaintiff, proceeding *pro se*, filed a complaint in the District of Columbia District Court challenging the OFO's decision denying his petition for enforcement. [Dkt. 1.]  The case was subsequently transferred to this Court on August 22, 2011.  [Dkt. 9.]  On September 14, 2011, Defendant filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment.  [Dkts. 10, 11.]  Plaintiff filed an opposition to the motions [Dkt. 18] on October 5, 2011, as well as a Motion to Amend the Complaint [Dkts. 19, 20].  Defendant responded to Plaintiff's opposition, and submitted an opposition to Plaintiff's Motion to Amend, on October 13, 2011.  [Dkts. 26, 27.]

On October 21, 2011, Magistrate Judge Jones denied Plaintiff's Motion to Amend because Plaintiff failed to submit a proposed amended complaint and because the suggested amendments would be futile.  [Dkt. 29.]  Plaintiff filed a document on October 27, 2011 [Dkt. 30], which Magistrate Judge Jones construed as another Motion to Amend, and which he denied for the reasons stated in his previous order [Dkt. 31].

Defendant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment is before the Court.

## II. Standard of Review

### A. Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).

Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and

may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (citations omitted).

In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219; *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

B. <u>Summary Judgment</u>

Summary judgment is appropriate only if the record shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party must come forward and show that a genuine dispute exists. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quotation omitted).

Unsupported speculation is not enough to withstand a motion for summary judgment. *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986). Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In reviewing the record on summary judgment, the court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

## III. Analysis

A.  <u>Mootness</u>

Defendant first argues that Plaintiff's claim concerning EOIR's refusal to transfer him to an immigration court of his choosing is moot.[5]  (D. Mem. at 10.)  Defendant points out in his opposition that EOIR in fact transferred Plaintiff to one of his requested locations -- namely, East Mesa.

"[I]t is well-settled that federal courts may only adjudicate cases or controversies under Article III of the Constitution."  *Mohammed v. Holder*, 695 F. Supp. 2d 284, 289 (E.D. Va. 2010) (citing *Marshall v. Meadows*, 105 F.3d 904, 906 (4th Cir. 1997)).  "To that end, '[t]he Supreme Court has developed a number of constitutional justiciability doctrines . . . including . . . the doctrines of standing, ripeness, and mootness.'"  *Id.* (quoting *United States v. McClure*, 241 F. App'x 105, 107 (4th Cir. 2007)).  "[T]he mootness doctrine requires that a claimant suffer an injury-in-fact or continuing collateral consequence that is fairly traceable to the challenged action or decision, and that a favorable decision would be likely to redress the injury."  *Id.*  (citing *Townes v. Jarvis*, 577 F.3d 543, 554 (4th Cir. 2009)).  When a case is moot

---

[5] Although Plaintiff's failure to meet the prerequisites for filing an enforcement action, discussed *infra*, warrants dismissal of the Complaint in its entirety, the Court first addresses whether the transfer issue raised in the Complaint is moot given that jurisdictional questions are to be addressed before proceeding to other issues.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).

and, thus, fails to present a justiciable case or controversy, it must be dismissed.[6]  *See id.* at 290.  "Even if the plaintiff has standing at the outset of the case . . . the action may become moot if, at any subsequent time, the plaintiff 'plainly lack[s] a continuing interest' in the resolution of the case." *Lux v. White*, 99 F. App'x 490, 492 (4th Cir. 2004) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000)).

Plaintiff initially denied that his claim relating to transfer is moot, asserting that EOIR indicated it would send him to East Mesa only after DHS reconfigured its operations there, and that such reconfiguration has not taken place.  However, at oral argument, Defendant revealed that EOIR has since agreed to transfer Plaintiff to San Diego, with the transfer set to take place in December.  Plaintiff agrees that the issue is now probably moot.  Accordingly, the Court finds that the transfer issue is moot, and grants Defendant's motion to dismiss as to that portion of Plaintiff's Complaint.[7]

---

[6] Claims seeking damages for past conduct survive a finding of mootness notwithstanding the fact that the challenged conduct has ceased. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 8 (1976).  Here, Plaintiff seeks punitive damages.  While the Court construes Plaintiff's Complaint as seeking enforcement of the OFO's September 2008 Order, *see infra*, Plaintiff would be precluded from seeking punitive damages even had he brought a Title VII action in this Court.  *See* 42 U.S.C. § 1981a(b)(1) (exempting government agencies from the general rule authorizing punitive damages in Title VII actions).

[7] Even if, for whatever reason, the transfer to San Diego is not effected, the Court still would deem the transfer issue moot, as East Mesa was one of the locations to which Plaintiff originally requested that he be transferred. (D. Mem. Ex. H.)  EOIR's original offer to transfer Plaintiff clearly indicated that he could be moved to East Mesa.  (D. Mem. Ex. N.)  That

B.   Prerequisites to Filing an Enforcement Action

In this case, Plaintiff appeals the OFO's February 2011 decision denying his petition for enforcement. (*See* Compl. at 6 (requesting that the Court "overrule the OFO's denial of Plaintiff's Enforcement Action" and "enforce the provision of the Commissions' [sic] September 24, 2008 Order . . . .").) Plaintiff in essence attempts to commence an enforcement action in this Court.[8] Defendant argues that Plaintiff fails to meet either of the prerequisites for bringing such an action. The Court agrees.[9]

After the EEOC makes a finding of discrimination on the part of a federal agency, it may order the agency to take remedial actions. *See* 42 U.S.C. § 2000e-16(b). To the extent the federal employee believes that the agency is not complying with the order, he or she may file a petition for enforcement with the EEOC, 29 C.F.R. § 1614.503(a), as Plaintiff did in this case. Acting through the OFO, the EEOC determines whether the

---

Plaintiff later came to prefer San Diego does not create a case or controversy.

[8] In connection with his Motion to Amend, Plaintiff argues that this is not simply an enforcement action, and that, "albeit [] arguably not clear in [the] initial complaint," he also contends that EOIR's purported failure to enforce the OFO's September 2008 Order was discriminatory. (Plaintiff's Brief in Support of Motion to Amend Complaint ("P. Mem.") at 2.) As Magistrate Judge Jones pointed out in his order denying this motion [Dkt. 29], to the extent Plaintiff wishes to add these allegations, he has failed to exhaust his administrative remedies, which is a prerequisite to judicial relief. *See Laber v. Harvey*, 438 F.3d 404, 415-16 (4th Cir. 2006) (en banc).

[9] Courts are divided on whether these prerequisites are jurisdictional in nature or should be considered in connection with a motion for summary judgment. *See Murchison v. Astrue*, 689 F. Supp. 2d 781, 791 n.5 (D. Md. 2010) (citing cases). As in *Murchison*, this Court resolves the issue on summary judgment. *See id*. at 784, 788.

agency is complying with its earlier decision and notifies the employee of its findings. 29 C.F.R. § 1614.503(b). The relevant regulation provides that:

> Where the [EEOC] has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the [EEOC] shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief . . . .

29 C.F.R. § 1614.503(g). Failure to meet either of these prerequisites precludes a plaintiff from seeking enforcement of an OFO order in federal district court. *See Murchison v. Astrue*, 689 F. Supp. 2d 781, 788 (D. Md. 2010) (granting defendant's motion for summary judgment where neither prerequisite under 29 C.F.R. § 1614.503(g) was satisfied); *Malek v. Leavitt*, 437 F. Supp. 2d 517, 524-25 (D. Md. 2006) (same).

Plaintiff here meets neither prerequisite. In its February 2011 decision, the OFO concluded that EOIR had complied with the September 2008 Order. Moreover, EOIR has submitted several compliance reports to OFO, including a final compliance report in April 2011. (D. Mem. Exs. B, D, K, M.)

Plaintiff's only response is that his Complaint should not be dismissed given that the OFO's February 2011 decision provided that he may file a "civil action" in federal district

13

court within ninety days.  (Opp. [Dkt. 18] at 10.)  But, as Defendant points out, there is a difference between a "civil action" in the context of Title VII and an enforcement action. (Reply [Dkt. 27] at 5.)  The Fourth Circuit has held that a plaintiff who files a Title VII civil action may not only allege that EEOC's remedy was insufficient, but also must place the agency's discrimination at issue.  *Laber v. Harvey*, 438 F.3d 404, 410 (4th Cir. 2006).  An enforcement action, by contrast, is an exception to the general rule that a plaintiff must put his entire discrimination claim *de novo* in front of a federal district court.  *Murchison*, 689 F. Supp. 2d at 791.  Implicit here is the notion that an enforcement action is not a Title VII "civil action."  *See id*.

In *Murchison*, the plaintiff made an argument similar to that advanced by Plaintiff in this case.  The plaintiff contended that because 42 U.S.C. § 2000e-16(c) authorizes federal employees to bring a "civil action" within ninety days of notice of a final EEOC action, a federal employee may bring an enforcement action within ninety days of an OFO decision regardless of whether the 29 C.F.R. § 1614.503(g) prerequisites are met.  *Id.*  The court rejected the plaintiff's argument, noting it implicitly required that Title VII's definition of "civil action" include enforcement actions, and that such an

argument is contrary to the reasoning of the Fourth Circuit in *Laber*.  *Id.* at 791-92.

Plaintiff's argument here likewise fails.  Plaintiff offers no authority demonstrating that his enforcement action should not be subject to the 29 C.F.R. § 1614.503(g) prerequisites.  Given that neither prerequisite is satisfied, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's remaining claims.

## IV.   Conclusion

For these reasons, the Court will grant Defendant's Motion to Dismiss in part and grant Defendant's Motion for Summary Judgment.

An appropriate Order will issue.

|  |  |
|---|---|
|  | /s/ |
| November 15, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |